## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ASTRAZENECA LP, ASTRAZENECA AB, and ASTRAZENECA PHARMACEUTICALS LP, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> MICRO LABS LIMITED AND MICRO LABS USA, INC., <br><br> Defendants/Counterclaim Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 15-1013-RGA |

### PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THEIR COMPLAINT PURSUANT TO FED. R. CIV. P. 41(a)(2) AND DEFENDANTS' COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6)

OF COUNSEL:

Charles E. Lipsey (admitted *pro hac vice*)
Ryan P. O'Quinn (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700
Charles.Lipsey@finnegan.com
Ryan.O'Quinn@finnegan.com

Mark J. Feldstein (admitted *pro hac vice*)
Jill K. MacAlpine (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000
Mark.Feldstein@finnegan.com
Jill.MacAlpine@finnegan.com

DATED: January 8, 2016

MCCARTER & ENGLISH, L.L.P.

Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiffs*

ME1 21802048v.1

# TABLE OF CONTENTS

I.      INTRODUCTION ......................................................................................................1

II.     PROCEDURAL AND FACTUAL BACKGROUND .................................................1

III.    ARGUMENT .............................................................................................................5

        A.      Plaintiffs' Infringement Claim Should Be Dismissed
                Pursuant To Rule 41(a)(2) .............................................................................5

        B.      ML's Counterclaims Fail to State a Claim Upon
                Which Relief May Be Granted ........................................................................7

        C.      AstraZeneca Respectfully Submits That The Court Should Exercise Its Discretion
                Not to Hear Defendants' Counterclaims........................................................12

IV.     CONCLUSION ........................................................................................................15

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.*,
No. 05-590-GMS, 2006 WL 2375035 (D. Del. Aug. 16, 2006)...............................................11

*Apotex, Inc. v. Novartis AG*,
No. 3:06-CV-698, 2007 WL 5493499 (E.D. Va. Sept. 4, 2007) .......................................13, 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................................7, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).......................................................................................................7, 8, 11

*Cephalon, Inc. v. Sandoz, Inc.*,
No. 11-821-SLR, 2012 WL 682045 (D. Del. March 1, 2012).................................................9

*DuToit v. Strategic Minerals Corp.*,
136 F.R.D. 82 (D. Del. 1991) .................................................................................................6

*Eisai Co. v. Mut. Pharm. Co.*,
No. CIV.A. 06-3613(HAA) , 2007 WL 4556958 (D.N.J. Dec. 20, 2007)..............................10

*EMC Corp. v. Zerto, Inc.*,
No. 12-956-GMS, 2014 WL 3809365 (D. Del. Jul. 31, 2014) ...............................................11

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994)...............................................................................................................11

*IGI Labs., Inc. v. Mallinckrodt LLC*,
No. 13-2044-RGA, 2014 WL 1652790 (D. Del. Apr. 22, 2014).......................................2, 13

*In re Bill of Lading Transmission and Proc. Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)................................................................................................8

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*,
693 F. Supp. 2d 409 (D. Del. 2010)........................................................................................3

*In re Omeprazole Patent Litig.*,
536 F.3d 1361 (Fed. Cir. 2008)...............................................................................................9

*In re Paoli R.R. Yard PCB Litig.*,
916 F.2d 829 (3d Cir. 1990) ...................................................................................................6

*Intermedics, Inc. v. Ventritex Co.*,
991 F.2d 808 (Fed. Cir. 1993) (unpublished) .......................................................................10

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ........................................................................................................12

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
134 S. Ct. 1749, 1756 (2014) ..........................................................................................11

*PB & J Software, LLC v. Acronis, Inc.*,
897 F. Supp. 2d 815 (E.D. Miss. 2012) ............................................................................9

*Petra Mezzanine Fund, L.P. v. Willis*,
No. 12-0601-RGA, 2012 WL 5382944 (D. Del. Nov. 1, 2012) ........................................8

*Pfizer Inc. v. Apotex Inc.*,
726 F. Supp. 2d 921 (N.D. Ill. 2010) .............................................................................13

*Reach & Assocs., P.C. v. Dencer*,
No. 02-1355-JJF, 2004 WL 253487 (D. Del. Feb. 9, 2004) .............................................6

*Realtime Data, LLC v. Stanley*,
721 F. Supp. 2d 538 (E.D. Tex. 2010)...........................................................................8, 9

*Rembrandt Patent Innovations LLC v. Apple Inc.*,
Nos. C14-05094 WHA, C14-05093, 2015 WL 8607390
(N.D. Cal. Dec. 13, 2015) ................................................................................................8

*Sandoz Inc. v. Amgen Inc.*,
773 F.3d 1274 (Fed. Cir. 2014)......................................................................................10

*Senju Pharm. Co. Ltd. v. Apotex, Inc.*,
921 F. Supp. 2d 297 (D. Del. 2013)................................................................................11

*Sinclair v. Soniform, Inc.*,
935 F.2d 599 (3d Cir. 1991)..............................................................................................6

*Spring City Corp. v. Am. Bldgs. Co.*,
Nos. 97-8127, 98-105, 1999 WL 1212201 (E.D. Pa. Dec. 17, 1999).............................6

*Swish Mktg., Inc. v. F.T.C.*,
669 F. Supp. 2d 72 (D.D.C. 2009)..................................................................................12

*Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*,
982 F.2d 1520 (Fed. Cir. 1992).....................................................................................10

*Trueposition Inc. v. Polaris Wireless Inc.*,
No. 12-646-RGA, 2015 WL 1738381 (D. Del. Apr. 7, 2015)..........................................6

ME1 21802048v.1

*W.L. Gore & Associates, Inc. v. GI Dynamics, Inc.*,
   No. CV-10-8088-PHX-GMS, 2010 WL 5184254 (D. Ariz. Dec. 15, 2010)...........................11

*Wilton v. Seven Falls Co.*,
   515 U.S. 277, 286-87 (1995) ................................................................................................12

*Wistron Corp. v. Phillip M. Adams & Associates, LLC*,
   No. C-10-4458 EMC, 2011 WL 1654466 (N.D. Cal. Apr. 28, 2011) ......................................9

*Woodbolt Distribution, LLC v. Natural Alternatives Int'l, Inc.*,
   No. 11-1266-GMS, 2013 WL 247041 (D. Del. Jan. 23, 2013) ..............................................14

**FEDERAL STATUTES**

21 U.S.C. § 355(j)(5)(B)(iii) .......................................................................................................2

21 U.S.C. § 355(j)(5)(C)(i)(I) ................................................................................................3, 13

21 U.S.C. § 355(j)(5)(C)(i)(III) .........................................................................................3, 4, 13

28 U.S.C. § 2201 *et seq.*.......................................................................................................12, 13

35 U.S.C. § 101 .......................................................................................................................7, 10

35 U.S.C. § 102 .......................................................................................................................7, 10

35 U.S.C. § 103 .......................................................................................................................7, 10

35 U.S.C. § 112 .......................................................................................................................7, 10

35 U.S.C. § 271(a) ...................................................................................................................9, 10

35 U.S.C. § 271(e) ...................................................................................................................9, 13

35 U.S.C. § 271(e)(1) ...................................................................................................................10

35 U.S.C. § 271(e)(2) ............................................................................................................2, 4, 9

35 U.S.C. § 271(e)(2)(A) ........................................................................................................2, 13

35 U.S.C. § 285 .......................................................................................................................8, 11

**COURT RULES**

Fed. R. Civ. P. 8(a) ........................................................................................................................7

Fed. R. Civ. P. 12(b)(6)....................................................................................................1, 8, 9, 11, 15

ME1 21802048v.1

Fed. R. Civ. P. 41(a)(1)(A)(i) ................................................................................2, 5

Fed. R. Civ. P. 41(a)(1)(A)(ii) ...................................................................................5

Fed. R. Civ. P. 41(a)(2) ................................................................................... *passim*

Fed. R. Civ. P. 84 (*abrogated* Dec. 1, 2015) .............................................................8

D. Del. L.R. 26.2 ........................................................................................................4

## OTHER AUTHORITIES

8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 41.40[1] (3d ed.
      1997) ..................................................................................................................5

I. **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 41(a)(2) and 12(b)(6), Plaintiffs/Counterclaim Defendants AstraZeneca LP, AstraZeneca AB, and AstraZeneca Pharmaceuticals LP (collectively, "AstraZeneca" or "Plaintiffs") seek to dismiss the entirety of this patent infringement action, which is based on the Abbreviated New Drug Application ("ANDA") of Defendants Micro Labs Ltd. and Micro Labs USA, Inc. (collectively, "ML" or "Defendants") seeking approval to market generic copies of AstraZeneca's BRILINTA® (ticagrelor) drug products before the expiration of AstraZeneca's Orange Book-listed U.S. Patent No. 8,425,934 ("the '934 patent").

AstraZeneca first seeks to dismiss its own complaint in this case. While ML has refused to stipulate to dismissal of the parties' claims without prejudice—instead seeking to leverage advantage from its own failure to provide an "Offer of Confidential Access" ("OCA") with its operative Notice Letter—it would not be prejudiced by this Court's dismissal under Rule 41(a)(2) of infringement claims that Plaintiffs no longer wish to pursue.

As for ML's counterclaims, they are conclusory, single-sentence averments that fail to meet even a barebones notice pleading standard. They should be dismissed pursuant to Rule 12(b)(6) for failing to state a claim for relief.

Finally, ML's gamesmanship provides ample reason for the Court to exercise its discretion to decline to hear ML's counterclaims, especially where ML's tactical decision to withhold an OCA from its operative Notice Letter was prejudicial to AstraZeneca and statutorily barred ML from independently seeking declaratory judgment relief.

II. **PROCEDURAL AND FACTUAL BACKGROUND**

This action is one of twelve patent infringement actions filed in this District involving AstraZeneca's BRILINTA® product and generic pharmaceutical defendants' related ANDA

filings under the Hatch-Waxman Act.  Whenever possible, AstraZeneca has sought to reduce the burden on this Court and narrow disputes by agreement of the parties, including limiting the patents-in-suit,[1] avoiding unnecessary jurisdictional disputes,[2] and dismissing entire suits.[3]  In contrast to the other defendants, who have cooperated in reducing the issues before the Court and stipulated to dismissals without prejudice, ML has created an unnecessary dispute and forced AstraZeneca to bring this motion. ML refuses to stipulate to dismissal without prejudice and instead, as AstraZeneca understands it, insists on a settlement or a judgment on the merits premised on its own failure to provide an OCA.  ML should not be rewarded for its failure to comply with the standards of the Hatch-Waxman Act.

        The present action arose from ML's September 21, 2015, "Notice Letter," which stated that ML had submitted to the FDA an ANDA with a "Paragraph IV" certification seeking approval to market a generic ticagrelor product prior to the expiration of AstraZeneca's '934 patent.  (*See* D.I. 1, ¶ 25; D.I. 10, answer ¶¶ 1, 25.)  ML's filing of its ANDA with a Paragraph IV certification is a statutory act of infringement under 35 U.S.C. § 271(e)(2).  *IGI Labs., Inc. v. Mallinckrodt LLC*, No. 13-2044-RGA, 2014 WL 1652790 at *1 (D. Del. Apr. 22, 2014) (citing 35 U.S.C. § 271(e)(2)(A)).

---

[1] *See* Order Entering Joint Stipulation and Order of Dismissal of Plaintiffs' Count I and Defendant's Counterclaim Count I, *AstraZeneca LP v. InvaGen Pharms. Inc.*, No. 15-1001-RGA (D. Del. Jan. 5, 2016) (dismissing one of the patents-in-suit by stipulation).

[2] *See* Order Granting Stipulation of Dismissal, *AstraZeneca LP v. Mylan Inc.*, No. 15-0999-RGA (D. Del. Dec. 14, 2015) (dismissing one co-defendant to resolve a dispute over personal jurisdiction).

[3] *See* Notice of Voluntary Dismissal, *AstraZeneca LP v. Alembic Pharms. Ltd.*, No. 15-1003-RGA (D. Del. Nov. 12, 2015) (voluntarily dismissing the entire action under Fed. R. Civ. P. 41(a)(1)(A)(i) when, as in the present case, a defendant did not provide access to its ANDA until after the case had been filed; after reviewing the ANDA contents, Plaintiffs chose to dismiss its claim of infringement of the '934 patent).

ME1 21802048v.1

Importantly, the Notice Letter—receipt of which initiates the statutory 45-day period under which the patentee must bring an infringement suit pursuant to 21 U.S.C. § 355(j)(5)(B)(iii)—was not accompanied by an OCA as contemplated by 21 U.S.C. § 355(j)(5)(C)(i)(III).[4]  (*See* Ex. A.)  The unilateral withholding of such an offer by ML is significant.  Contrary to the intent of the Hatch-Waxman Act, it prevented AstraZeneca from accessing and evaluating ML's ANDA in order to determine whether an infringement action should be pursued.  *See In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 693 F. Supp. 2d 409, 417 (D. Del. 2010) (noting that lack of an OCA or one with unreasonable terms "would allow an ANDA filer to frustrate the Hatch–Waxman system by… unilaterally withholding information about its accused product until the 45–day window for filing suit lapses").  The statutory consequence of ML failing to provide an OCA is that ML is not entitled to independently pursue a declaratory judgment action.  21 U.S.C. § 355(j)(5)(C)(i)(I), (III).

In an effort to avoid wasting judicial resources, AstraZeneca affirmatively requested an OCA for ML's ANDA "in order to evaluate if it is necessary to bring suit against Micro Labs." (Ex. A.)  Counsel for ML responded, acknowledging receipt and promising to "provide a response soon." (Ex. B.)  However, nearly two weeks passed with no response.  With the 45-day statutory period nearing its end, Plaintiffs again contacted ML, reiterating the request for an OCA. (Ex. C.)  ML finally responded, providing a duplicate copy of the September 21, 2015, Notice Letter and a five-page "Offer of Confidential Access to ANDA 208539."  (Exs. D, E.)

---

[4] Without explanation and without withdrawing the first Notice Letter, Micro Labs sent a second notice letter, dated September 24, 2015, that appears to be substantially identical to the first. This second Notice Letter also lacked an OCA.

- 3 -

AstraZeneca immediately reviewed ML's OCA, and determined that it could not accept the proposed terms, which were substantially more burdensome than OCAs agreed upon with other defendants as well as the terms of a typical protective order in Hatch-Waxman litigation. *See* 21 U.S.C. § 355(j)(5)(C)(i)(III) ("The document providing the offer of confidential access shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered."). But there was no time to negotiate further. With less than three days until the end of the forty-five day period from the mailing of the September 21, 2015 Notice Letter, and given Defendants' history of delays in communication, Plaintiffs filed the present action on November 4, 2015, in view of ML's statutory act of infringement.

ML answered on November 24, 2015. (D.I. 10.) Although its September 21, 2015 Notice Letter did not include an OCA, ML nevertheless included multiple declaratory judgment counterclaims directed to non-infringement, invalidity, and a count for an exceptional case finding. (*Id.* at counterclaims ¶¶ 1-15.) ML also contends that there is an existing controversy between the parties as to the validity of the '934 patent, but does not aver to any controversy regarding infringement. (*See id.* at counterclaim ¶ 8.)

Further, in neither its Answer nor its counterclaims does ML assert that the ANDA filing was *not* an act of infringement. To the contrary, ML "[a]dmits that the filing of ANDA number 208539 seeking approval to engage in the commercial manufacture, use, offer for sale, or sale or import of the pharmaceutical products which are the subject of ANDA number 208539 before the expiration of the '934 patent constitutes a technical act of infringement under 35 U.S.C. §271(e)(2) for the purpose of according subject matter jurisdiction to the Court…." (*Id.* at answer ¶ 28.)

On November 30, 2015, the parties agreed that ML would provide its ANDA for evaluation under the provisions of Local Rule 26.2.  (Ex. E.)  AstraZeneca received the ANDA information on December 9, 2015, and promptly reviewed the information.  Based on the information provided by ML, on December 15, 2015, AstraZeneca sent ML a proposed stipulation that would have dismissed AstraZeneca's claims and ML's counterclaims without prejudice, thereby terminating the action.  (Exs. F, G.)  This would have returned the parties to the *status quo* as it existed prior to suit.

Counsel for the parties have since held three different teleconferences on this issue but were unable to reach agreement.  The dispute is that Plaintiffs maintain that the dismissals should be *without* prejudice, which would return to the pre-suit *status quo* and avoid altering the parties' legal rights.  AstraZeneca understands that Defendants seek to leverage their failure to play by the rules and demand dismissals *with* prejudice, or alternatively, a covenant not to sue.  Defendants are entitled to neither, especially given their failure to provide an OCA in their operative Notice Letter.  Indeed, there is simply no reason to reward Defendants for their gamesmanship, especially where they affirmatively chose <u>not</u> to comply with the procedure that would have entitled them to maintain a declaratory judgment action.

## III.   ARGUMENT

### A.   Plaintiffs' Infringement Claim Should Be Dismissed Pursuant To Rule 41(a)(2)

ML has unnecessarily refused to consent to dismiss this case by way of joint stipulation under Rule 41(a)(1)(A)(ii).  However, because ML answered Plaintiffs' Complaint, unilateral dismissal by AstraZeneca is not available under Rule 41(a)(1)(A)(i).  This has forced AstraZeneca to seek Court intervention under Rule 41(a)(2), which "permits the plaintiff to seek a voluntary dismissal by court order if such a dismissal is no longer available as of right under

- 5 -

Rule 41(a)(1)(A)(i) and the plaintiff cannot secure consent to a stipulated dismissal under Rule 41(a)(1)(A)(ii)."  8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 41.40[1] (3d ed. 1997) (internal citations omitted).  As this Court has noted, it is within its "sound discretion" to grant a plaintiff's motion for voluntary dismissal.  *Trueposition Inc. v. Polaris Wireless Inc.*, No. 12-646-RGA, 2015 WL 1738381, at *1 (D. Del. Apr. 7, 2015); *see also Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991).

The requested dismissal is appropriate, as it will not prejudice Defendants and "[c]ourts generally agree that Rule 41(a)(2) motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" *DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82, 85 (D. Del. 1991) (citing *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990)).  Dismissal here is also consistent with the "Third Circuit's liberal practice of granting Rule 41(a)(2) dismissals" in the absence of "plain legal prejudice" suffered by a defendant.  *Reach & Assocs., P.C. v. Dencer*, No. 02-1355-JJF, 2004 WL 253487, at *1-2 (D. Del. Feb. 9, 2004).

The absence of legal prejudice to ML is evident based on all considerations under the applicable four-factor test: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the pending litigation has progressed; and (4) the claimant's diligence in moving to dismiss."  *Id.* at *1 (citing *Spring City Corp. v. Am. Bldgs. Co.*, Nos. 97-8127, 98-105, 1999 WL 1212201, at *1 (E.D. Pa. Dec. 17, 1999)).  Specifically, there is no "second litigation" between the parties, and any future litigation that might be hypothesized by ML does not constitute legal prejudice.  *Id.* ("The mere prospect that a defendant will face a subsequent lawsuit is not legal prejudice." (*citing DuToit*, 136 F.R.D. at 85)).  Second, ML can in no way be said to have expended

extensive effort or expense in preparing this action for trial. To the contrary, as addressed in Section C, below, ML's decision to withhold an OCA in its operative Notice Letter precludes it from independently pursuing a declaratory judgment action. Further, this action is in its infancy: a Rule 16 conference has not been held or scheduled, and neither a discovery deadline nor a trial date has been set. Finally, AstraZeneca's diligence in moving to dismiss is also evident—it proposed a joint stipulation of dismissal to ML less than six days after receiving access to ML's ANDA, and then promptly filed this motion following ML's refusal to accede.

In sum, there is no prejudice in refusing to reward ML for its tactical decision to withhold an OCA in its September 21, 2015, Notice Letter coupled with its subsequent attempt to leverage some advantage—with either a prejudicial dismissal or covenant not to sue. Had ML provided an OCA in the first place, AstraZeneca could have made the analysis contemplated under the Hatch-Waxman Act and elected at that time not to initiate suit. Having failed to provide the standard disclosures, ML is not entitled to preferential treatment or anything more than returning to the *status quo* had it never been sued. Accordingly, Plaintiffs respectfully request that the Court dismiss Plaintiffs' Complaint in this case without prejudice.

**B.     ML's Counterclaims Fail to State a Claim Upon Which Relief May Be Granted**

ML's counterclaims should also be dismissed, at least because their threadbare recitations fail to meet the standards of Fed. R. Civ. P. 8(a), as required by the U.S. Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, after providing non-substantive recitations of party information and jurisdictional conclusions, ML provides three entirely conclusory counterclaims:

- Count I: "[t]his counterclaim seeks a declaratory judgment that all claims of the
  '934 patent are not infringed." (D.I. 10, counterclaim ¶ 6.)

- 7 -

- Count II: "[t]he claims of the '934 patent are invalid for failure to comply with the requirements for patentability in one or more of 35 U.S.C. §§ 101, 102, 103 and 112." (*Id.* at ¶ 13.)

- Count III: "this is an exceptional case under 35 U.S.C. § 285, entitling ML USA to an award of attorneys' fees and costs." (*Id.* at ¶ 14.)

Under all applicable standards, these counterclaims clearly fail to state a claim upon which relief may be granted. They should be dismissed under Fed. R. Civ. P. 12(b)(6).

In order to survive a Rule 12(b)(6) motion to dismiss, claims "must plead 'enough factual matter' that, when taken as true, 'state a claim to relief that is plausible on its face.'" *In re Bill of Lading Transmission and Proc. Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). ML's counterclaims are subject to the same pleading requirements, but wholly fail to state a claim for relief and should be dismissed. *See, e.g., Petra Mezzanine Fund, L.P. v. Willis*, No. 12-601-RGA, 2012 WL 5382944, at *1-2 (D. Del. Nov. 1, 2012) (applying *Twombly* in considering a Rule 12(b)(6) motion to dismiss counterclaims).

First, counterclaim Count I, which "seeks a declaratory judgment that all claims of the '934 patent are not infringed," (D.I. 10, counterclaim ¶ 6), fails to meet even the barebones pleading standard of the now abrogated Form 18. *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 543 (E.D. Tex. 2010) (concluding that "while Form 18 does not set a high bar for what must be alleged," Realtime's direct infringement claims failed to meet the bar); *see also Rembrandt Patent Innovations LLC v. Apple Inc.*, Nos. C14-05094 WHA, C14-05093, 2015 WL 8607390, at *2-3 (N.D. Cal. Dec. 13, 2015) (holding that Form 18 no longer applies after the abrogation of Fed. R. Civ. P. 84). Indeed, ML does not even contend that there is a controversy

regarding *infringement*, but only that there is a controversy "regarding the *validity* of the '934 patent."  (D.I. 10, counterclaim ¶ 8 (emphases added)).

One self-evident defect in ML's counterclaim Count I is that it completely fails to identify by what product or act "all claims of the '934 patent are not infringed."  (D.I. 10, counterclaim ¶ 6.)  Other courts have considered similar defects and recognized that without identifying the allegedly non-infringing product or act, there simply is no way to adjudicate an infringement claim.  *PB & J Software, LLC v. Acronis, Inc.*, 897 F. Supp. 2d 815, 820 (E.D. Miss. 2012) (dismissing a direct infringement claim that failed to adequately identify the allegedly infringing device); *Wistron Corp. v. Phillip M. Adams & Associates, LLC*, No. C-10-4458 EMC, 2011 WL 1654466, at *12 (N.D. Cal. Apr. 28, 2011); *Realtime Data*, 721 F. Supp. 2d at 543 (dismissing infringement claim for their failure to specifically identify any accused products or services).  By itself, ML's complete and total failure to identify *any* product or act that is allegedly non-infringing warrants dismissal under Rule 12(b)(6).  *Wistron Corp.*, 2011 WL 1654466, at *12.

Nor does the counterclaim address the statutory ground, *e.g.*, 35 U.S.C. § 271(a) or 271(e), under which there is alleged to be no infringement.  This too is critical to provide minimum notice, especially in the Hatch-Waxman context.  However, ML has not and cannot state a claim under either of these potential grounds.

As for infringement under the Hatch-Waxman act pursuant to 35 U.S.C. § 271(e)(2), ML does not and cannot state a claim based on the filing of its ANDA.  Indeed, ML does not assert that the filing of its ANDA was non-infringing.  Nor could it, since that ANDA, which ML represented contained a "Paragraph IV" certification (*See* D.I. 1, ¶ 25; D.I. 10, answer ¶¶ 1, 25), was unquestionably a statutory act of infringement under 35 U.S.C. § 271(e).  *In re Omeprazole*

*Patent Litig.*, 536 F.3d 1361, 1367 (Fed. Cir. 2008); *Cephalon, Inc. v. Sandoz, Inc.*, No. 11-821-SLR, 2012 WL 682045, at *4 (D. Del. Mar. 1, 2012). ML, in fact, "*[a]dmits* that the filing of ANDA number 208539… constitutes a technical act of infringement under 35 U.S.C. §271(e)(2) for the purpose of according subject matter jurisdiction to the Court…." (D.I. 10, answer ¶ 28 (emphasis added)).

ML's counterclaim Count I also does not and could not state a claim of no direct infringement under 35 U.S.C. § 271(a). (*See* D.I. 10, counterclaim ¶ 6.) In fact, even if it had identified its putative commercial product as the alleged non-infringing subject matter, ML could not support such a claim given the safe harbor provisions of 35 U.S.C. § 271(e)(1). *See Sandoz Inc. v. Amgen Inc.*, 773 F.3d 1274, 1279 (Fed. Cir. 2014) (concluding that courts could have found no case or controversy where the accused device is protected against infringement charges by 35 U.S.C. § 271(e)(1)); *Telectronics Pacing Sys., Inc. v. Ventritex, Inc.,* 982 F.2d 1520, 1523 (Fed. Cir. 1992) ("The language of § 271(a) clearly specifies only the making, using or selling of a patented invention as infringing activities. Under § 271(e)(1), these potentially infringing activities are exempt if performed solely for uses reasonably related to the development of information for FDA approval." ). As noted by the Federal Circuit, "[t]o permit [the defendant] to be protected from direct suit for infringement [under § 271(e)(1)] and yet allow the same activities to be subject to suit in a declaratory judgment action would be nonsensical." *Intermedics, Inc. v. Ventritex Co*., 991 F.2d 808, at *4 (Fed. Cir. 1993) (unpublished); *see also Eisai Co. v. Mut. Pharm. Co*., No. CIV.A. 06-3613(HAA) , 2007 WL 4556958, at *17 (D.N.J. Dec. 20, 2007) ("[A]ctivities protected by the safe harbor provision cannot serve as the basis for a declaratory judgment of actual future infringement.").

Second, counterclaim Count II, "[t]he claims of the '934 patent are invalid for failure to comply with the requirements for patentability in one or more of 35 U.S.C. §§ 101, 102, 103 and 112," (D.I. 10, counterclaim ¶ 13), also fails to state a claim as it is entirely conclusory.  There are no supporting facts, no details, and nothing that would "provide [Plaintiffs] with adequate notice to frame an answer."  *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, No. 05-590-GMS, 2006 WL 2375035, at *4 (D. Del. Aug. 16, 2006).  As Delaware courts have found, such single-sentence, conclusory allegations of invalidity fail to state a claim for which relief can be granted.  *See Senju Pharm. Co. Ltd. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 301 (D. Del. 2013); *EMC Corp. v. Zerto, Inc.*, No. 12-956-GMS, 2014 WL 3809365, at *1-2 (D. Del. Jul. 31, 2014).  Indeed, both of those courts dismissed such counterclaims under Rule 12(b)(6) as failing to meet the standards of *Twombly* and *Iqbal*.  *Senju*, 921 F. Supp. 2d at 303; *EMC Corp.*, 2014 WL 3809365 at *2.  Dismissal of ML counterclaim Count II is likewise warranted here.

Finally, counterclaim Count III, "this is an exceptional case under 35 U.S.C. § 285, entitling ML USA to an award of attorneys' fees and costs," (D.I. 10, counterclaim ¶ 14) fares no better.  Relevant factors to establish an "exceptional case," *i.e.,* "one that stands out from others," under the totality of the circumstances test may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 n.6  (2014) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).  ML's one-sentence averment, which avers no facts and no details to establish the plausibility of an exceptional case under § 285, clearly fails the *Twombly* pleading standard.  *Cf. W.L. Gore & Associates, Inc. v. GI Dynamics, Inc.*, No. CV-10-8088-PHX-GMS, 2010 WL 5184254, at *12 (D. Ariz. Dec. 15, 2010) (applying *Twombly* to a

- 11 -

§ 285 counterclaim, and finding sufficient the six pages of detailed facts).  Accordingly,

Plaintiffs respectfully request that the Court also dismiss ML's counterclaim Count III pursuant

to Fed. R. Civ. P. 12(b)(6).

### C.    AstraZeneca Respectfully Submits That The Court Should Exercise Its Discretion Not to Hear Defendants' Counterclaims

Even if, *arguendo*, ML's declaratory judgment counterclaims state claims for relief—

which they do not—AstraZeneca respectfully submits that the Court should decline to hear them

in the interest of judicial economy and equity.  ML's gamesmanship in withholding an OCA

from its operative Notice Letter and then demanding a landscape-altering dismissal or covenant

not to sue should not be rewarded or encouraged.  (*See* Section II, above.)  ML is also seeking to

maintain declaratory judgment counts that it could not have brought independently because, by

withholding an OCA, it was statutorily barred from filing a separate declaratory judgment action.

Plaintiffs respectfully submit that the Court should not allow ML to obtain via counterclaims

what it forfeited from pursuing independently.  The Court's discretion to decline jurisdiction is

further warranted as AstraZeneca has already offered to return the parties to the *status quo*, as it

existed pre-suit, and the concurrently requested dismissal of the complaint under Rule 41(a)(2)

would wholly terminate the litigation.

 Under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, "federal courts [have]

unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v.

Seven Falls Co.,* 515 U.S. 277, 286-87 (1995).  Indeed, discretionary declaratory jurisdiction

must yield to "considerations of practicality and wise judicial administration" under which courts

manage their dockets.  *Id.* at 288.  Likewise, courts may consider "equitable, prudential, and

policy arguments" in deciding to exercise their discretionary jurisdiction.  *MedImmune, Inc. v.

Genentech, Inc.*, 549 U.S. 118, 136 (2007); *Swish Mktg., Inc. v. F.T.C.,* 669 F. Supp. 2d 72, 76

(D.D.C. 2009) (relevant considerations include "the equity of the conduct of the declaratory judgment plaintiff").

As noted above, ML's operative September 21, 2015, Notice Letter did not include an OCA.  This self-serving decision by ML was significant. While ML's ANDA filing was indisputably an act of infringement under 35 U.S.C. § 271(e), *see IGI Labs.,* 2014 WL 1652790 at *1 (citing 35 U.S.C. § 271(e)(2)(A)), AstraZeneca was prevented from obtaining or considering ML's ANDA in deciding whether or not to pursue litigation.  Had a timely OCA been extended, AstraZeneca could have determined—as it has now—that it did not wish to pursue infringement claims.

The further consequence of ML's strategy here is that ML is now barred from pursuing its own declaratory judgment action because "***[n]o action*** may be brought under section 2201 of Title 28, by an [ANDA filer] for a declaratory judgment" ***unless*** "the notice [letter] was accompanied by a [offer of confidential access] described in subclause (III)."  21 U.S.C. § 355(j)(5)(C)(i)(I), (III) (emphasis added); *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 936 (N.D. Ill. 2010) ("Based on the statutory text, it appears that a court may not exercise jurisdiction over an ANDA declaratory judgment action absent an offer of confidential access.").  Simply put, an OCA with the initial notice is a "jurisdictional prerequisite" for an ANDA filer to seek a declaratory judgment action in this context and its absence precludes such an action.  *Apotex, Inc. v. Novartis AG*, No. 3:06-CV-698, 2007 WL 5493499, at *3 (E.D. Va. Sept. 4, 2007) (As a "jurisdictional prerequisite… [n]otice of the filing of an application containing a Paragraph [IV] certification must have been sent to the patent owner and the holder of the approved new drug application for the listed drug; that notice must have been accompanied by an offer of confidential access to the competitor's abbreviated application….").

- 13 -

ML is not saved by its belated OCA, provided six weeks after its operative September 21st Notice Letter.  By the plain language of the statute, the September 21st Notice Letter—receipt of which started the 45-day period to bring suit—itself had to be "accompanied by" an OCA when it was sent.  *Id*. at *3.  To find otherwise would encourage gamesmanship, whereby ANDA filers are able to gain the declaratory judgment benefits of providing an OCA without actually doing so with the Notice Letter that starts the statutory clock under which patent owners have 45 days to commence suit.

ML now seeks to leverage its withholding of an OCA into a windfall, without any apparent regard for the burdens on this Court.  If ML's conduct is not deterred, it will provide generic pharmaceutical manufacturers a blueprint for subverting the intent of the Hatch-Waxman Act: refuse to provide a timely OCA, finally provide ANDA access after being sued, and then demand a more favorable resolution than it deserved if it had followed the rules.  Needless to say, refusing to stipulate to dismissal and seeking to use declaratory judgment counterclaims as unwarranted leverage strongly *disfavors* judicial economy.

Accordingly, AstraZeneca respectfully submits that this Court should exercise its discretion to decline to hear ML's counterclaims.  ML's gamesmanship, whereby it seeks to maintain a declaratory judgment action that it could not have itself brought, should not be rewarded.  Moreover, if AstraZeneca's request under Rule 41(a)(2) is granted, declining to hear ML's counterclaims would fully dispose of this case.  This outcome is clearly favored by the interests of judicial economy.  *Woodbolt Distribution, LLC v. Natural Alternatives Int'l, Inc.*, No. 11-1266-GMS, 2013 WL 247041, at *3 (D. Del. Jan. 23, 2013) (declining to exercise jurisdiction when it "cannot find that its resources or those of the litigants would be well spent by permitting [the] action to proceed").

- 14 -

## IV.     CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court dismiss Count I of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 41(a)(2), without prejudice. Plaintiffs additionally respectfully request that ML's counterclaims be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or that the Court alternatively decline to hear those counterclaims under its discretion granted it by the Declaratory Judgment Act.

ME1 21802048v.1

DATED: January 8, 2016

Respectfully submitted,

MCCARTER & ENGLISH, L.L.P.

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiffs AstraZeneca AB,
AstraZeneca Pharmaceuticals LP, and
AstraZeneca LP*

OF COUNSEL:

Charles E. Lipsey (admitted *pro hac vice*)
Ryan P. O'Quinn (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
       GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700
Charles.Lipsey@finnegan.com
Ryan.O'Quinn@finnegan.com

Mark J. Feldstein (admitted *pro hac vice*)
Jill K. MacAlpine  (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
       GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001
(202) 408-4000
Mark.Feldstein@finnegan.com
Jill.MacAlpine@finnegan.com

- 16 -