IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA LP, ASTRAZENECA AB, and ASTRAZENECA PHARMACEUTICALS LP, <br><br> Plaintiffs, <br><br> v. <br><br> MICRO LABS LIMITED and MICRO LABS USA, INC., <br><br> Defendants. | CA. No. 15-1013-RGA |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE AND IN SUPPORT OF THEIR MOTION IN THE ALTERNATIVE TO AMEND THE ANSWER AND COUNTERCLAIMS**

| | |
|---|---|
| OF COUNSEL: <br><br> Richard G. Greco, Esq. <br> Gurpreet Singh Walia, M.D., Esq. <br> COHEN & GRESSER LLP <br> 800 Third Avenue <br> New York, NY 10022 <br> (212) 957-7600 | Kenneth L. Dorsney (#3726) <br> MORRIS JAMES LLP <br> 500 Delaware Avenue, Suite 1500 <br> Wilmington, DE 19801-1494 <br> (302) 888-6855 <br> kdorsney@morrisjames.com |

Dated: January 22, 2016

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT ................................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 3

ARGUMENT ............................................................................................................................... 5

I.  The Hatch-Waxman Act Is Designed to Resolve Patent Disputes Before Product Launch and a Dismissal of This Suit without Prejudice Would Defeat that Purpose. ......... 5

    A.  An ANDA Applicant Is Not Required to Offer Confidential Access to Its ANDA. .................................................................................................................. 6

    B.  Plaintiffs Receipt of an Offer of Confidential Access Would Not Permit Them to Avoid Resolution of the Patent Issues Arising from Their Orange Book Listing of the '934 Patent.. ............................................................................ 7

    C.  Defendants Would Be Severely Prejudiced by a Dismissal without Prejudice. ................................................................................................................ 8

II. The Counterclaims Are Adequate, and Alternatively, Leave to Amend Should Be Granted. ............................................................................................................................. 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*In re Burlington Coat Factory Secs. Litig.*
   114 F.3d 1410 (3d Cir. 1997 ........................................................................................10

*Caraco Pharm. Labs. v. Forest Labs., Inc.*
   527 F.3d 1278 (Fed. Cir. 2008) ......................................................................................8

*duToit v. Strategic Materials Corp.*
   136 F.R.D. 82 (D. Del. 1991) .........................................................................................9

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*
   535 U.S. 722 (2002) ........................................................................................................4

*Intellectual Ventures I LLC v. Toshiba Corp.*
   C.A. No. 13-453-SLR-SRF, 2015 WL 4916789 (D. Del. Aug. 17, 2015) ..............10

*Johnson & Johnson Assoc. v. R.E. Serv. Co.*
   285 F.3d 1046 (Fed. Cir. 2002) ......................................................................................4

*Pfizer Inc v. Teva*
   429 F.3d 1364 (Fed. Cir. 2005) ......................................................................................4

*Reach Assocs. P.C. v. Dencer*
   Civ. A. No. 02-1355, 2004 WL 253487 (D. Del. Feb. 9, 2004) ................................9

*Shoulder Innovations LLC v. Ascension Orthopedics, Inc.*
   Civil Action No. 11–810 (JEI/AMD), 2012 WL 2092379 (D. Del. June 8, 2012) ...................9

**Other Authorities**

21 U.S.C. § 355(j)(2)(B)(ii) .................................................................................................3

21 U.S.C.§355(j)(5)(C)(i)(I.................................................................................................6

**SUMMARY OF ARGUMENT**

In disregard of the clear purpose of the Hatch-Waxman Act to resolve infringement claims before an ANDA product launch, Plaintiffs seek to avoid (or delay) resolution of their infringement claim against Micro Labs USA's ANDA product by asking the Court to dismiss both Plaintiffs' complaint without prejudice and Micro Labs USA's counterclaims, while retaining the right to bring the same lawsuit when the product is ready for market launch.  The Plaintiffs' motion should be denied for several reasons:

1. Contrary to the premise of Plaintiffs' motion, there is no requirement in the Hatch-Waxman Act to provide an offer of confidential access to the ANDA.  Providing an offer of confidential access to the ANDA to the patent owner is optional and gives the ANDA applicant a statutory right to bring a declaratory judgment *action* if a lawsuit is *not* filed in response to the Paragraph IV Notice Letter.  Where, as here, a lawsuit *was* filed, confidential access is irrelevant, and the normal right to file a declaratory judgment counterclaim applies.  In any case, when confidential access is offered -- and it was offered by letter of November 2, 2015 in this case -- defendants have the right to bring a declaratory judgment action to resolve issues of infringement and validity concerning patents listed in the Orange Book, and plaintiffs would not have been free to postpone resolution of the patent issues by not bringing suit.

2. Plaintiffs waited nearly one month after receiving a Notice Letter dated September 21, 2015, that had been sent directly from Micro Labs USA to contact Micro Labs outside counsel and inquire about confidential access.  After they did so, confidential access was offered by a second Notice Letter dated November 2, 2015.  Plaintiffs did not respond to that offer and sued on November 4.

3. Plaintiffs had notice of all the facts that demonstrate that the accused ANDA product does not infringe U.S. Patent No. 8,425,934 ("the '934 patent"), before they filed their

lawsuit. As explained in the paragraph IV Notice letters (Greco Declaration filed concurrently herewith at Exs. A, B), the ANDA product does not contain a limitation literally required in every claim of the patent and equivalence is legally barred. Defendants are entitled to resolution of the infringement allegations based on these facts, and Plaintiffs' second thoughts about their ability to prove a case are not a reason to allow them to retain their claims for later assertion.

4.      Micro Labs USA, Inc.'s ( hereafter "Micro Labs") declaratory judgment counterclaim is sufficient. A declaratory judgment claim for non-infringement is adequately pleaded when infringement is denied, as it puts the Plaintiffs on notice of the relevant facts – *i.e.,* that all limitations of the claim cannot be found in the accused product. Moreover, in this Hatch-Waxman case, the patent owner has received a detailed statement explaining why there cannot be infringement and why the patent is invalid even prior to the suit. To the extent that the Court finds that the declaratory judgment counterclaims require further detail, defendant moves for leave to file an Amended Answer and Counterclaims in accordance with Exhibit C of the Greco Declaration. We understand that Plaintiffs will not oppose this cross-motion.

5.      In exercising its discretion, the Court should not dismiss the declaratory judgment counterclaim because there remains an ongoing dispute concerning the infringement and invalidity of the '934 patent which persists as an obstacle to Defendants' marketing of its generic product. Plaintiffs have sued Micro Labs for infringement and have refused to admit that the Micro Labs ANDA product does not infringe, and yet they seek to avoid resolution of this dispute, preserving the right to sue at a time that would be more disruptive of Micro Labs' effort to market. The declaratory judgment counterclaim is an appropriate procedure to resolve any patent infringement issues that would delay the launch of the ANDA product if the suit were filed at the time of FDA approval.

**STATEMENT OF FACTS**

Pursuant to 21 U.S.C. §355(j), Micro Labs filed an ANDA, seeking approval to market a generic drug product containing the compound ticagrelor prior to the expiration of U.S. Patent No. 8,465,934 listed in the Orange book for the reference ticagrelor drug product. There are five patents listed in the Orange Book for the ticagrelor product (sold under the Brand name "Brilinta"), and Micro Labs filed Paragraph III certifications to the other four patents, which means that it will not seek to market its ANDA product prior to the expiration of those patents. The last-to-expire patent of those certified under Paragraph III expires on July 9, 2021.

The '934 patent relates to a particular pharmaceutical composition of the prior art drug ticagrelor, and expires August 17, 2030. By letter dated September 21, 2015, to comply with the notice provisions of 21 U.S.C. § 355(j)(2)(B)(ii), Micro Labs itself (not through counsel) sent a detailed statement of reasons why the '934 patent was invalid and not infringed by the Micro Labs product. (Greco Decl. Ex. A). That letter did not contain the optional offer of confidential access to the ANDA.

Nearly a month later, on October 21, 2015, Plaintiffs' counsel first contacted Micro Labs' counsel to inquire whether there was an offer of confidential access. Inquiry was then made by Micro Labs' counsel to learn what documents Micro Labs had sent, and a supplemented Notice letter was then served on Plaintiffs and their counsel on November 2, 2015. That notice letter did include the optional offer of confidential access. (Greco Decl. Ex. B)

Plaintiffs never responded to the offer of Confidential Access in the Notice Letter and sued on November 4, 2015.

Both the original and the subsequent Notice Letter provided facts sufficient to alert plaintiffs that there was no basis for a claim of infringement of the '934 patent. The '934 patent claims only a formulation of the prior art drug compound ticagrelor, using standard

3

pharmaceutical excipients to make a tablet.  Each claim of the '934 patent requires that the formulation include the disintegrant excipient "sodium starch glycolate."  The Micro Labs notice letters demonstrated that the ANDA product did not contain that excipient and therefore could not literally infringe any of the claims.  Furthermore, the excipient that is used in the Micro Labs ANDA product instead of sodium starch glycolate, croscarmellose sodium, had been included in the claims originally submitted in the application for the '934 patent, but those claims were rejected as obvious.  In order to overcome the obviousness rejection, Plaintiffs amended their claims to eliminate croscarmellose sodium as an accepted excipient.  Accordingly, under well-established law, prosecution history estoppel precludes a claim that croscarmelose sodium is equivalent to the excipient literally claimed.  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736-37 (2002).  In addition, the finding of equivalence is legally barred by the fact that the '934 patent specification discloses the use of croscarmellose sodium as a disintegrant, but does not claim it.  *Johnson & Johnson Assoc. v. R.E. Serv. Co*, 285 F.3d 1046, 1054 (Fed. Cir. 2002); *Pfizer Inc v. Teva*, 429 F.3d 1364, 1379 (Fed. Cir. 2005).

      Subsequent to the filing of the lawsuit on November 4, Plaintiffs' counsel contacted Defendants' counsel seeking to have the case dismissed without prejudice.  Micro Labs offered to agree to a dismissal with prejudice limited to the specific formulation now contained in its ANDA or alternatively, to agree to dismissal without prejudice if a covenant not to sue limited to the specific formulation now contained in the Micro Labs ANDA was granted.  (Greco Decl. ¶ 5)  Those requests were essential in order for Micro Labs to obtain  a resolution of the patent dispute, as the Hatch-Waxman Act intends, prior to the launch of its ANDA product.  Plaintiffs, however, would not acknowledge that the Micro Labs' formulation does not infringe the '934 patent, would not agree to a covenant not to sue which would prevent a new infringement suit

4

when Micro Labs receives FDA approval, and sought to terminate this action without resolution and without prejudice.

Plaintiffs' motion conflicts with the policy of the Hatch-Waxman Act which was designed to provide early resolution to patent infringement issues prior to the time the generic seeks to market its product. Plaintiffs claim that Micro Labs infringes a valid patent, but seek to avoid resolution of the issue, preserving their right to later sue and delay generic marketing or expose Micro Labs to damages on a claim that it is unwilling or unable to defend now. Their charges of "gamesmanship" and failure to "play by the 'rules'" – rules that do not exist – is merely overblown rhetoric that attempts to conceal the prejudice that defendants will suffer by allowing the patent infringement claim to remain unresolved.

## ARGUMENT

### I. THE HATCH-WAXMAN ACT IS DESIGNED TO RESOLVE PATENT DISPUTES BEFORE PRODUCT LAUNCH AND A DISMISSAL OF THIS SUIT WITHOUT PREJUDICE WOULD DEFEAT THAT PURPOSE.

Plaintiffs' motion is based on the entirely false premise that an offer of Confidential Access to the ANDA is mandatory, and that in its absence, Plaintiffs should be free to sue for infringement, but then withdraw the suit without prejudice to sue at a later day when it realizes it cannot defend its position. Plaintiffs claim they were prejudiced by the lack of an offer of confidential access because they would not have sued if they had received access to Micro Labs ANDA. This argument is baseless for two reasons:

1. Putting aside for the moment the fact that Plaintiffs were given an offer of Confidential Access to the ANDA on November 2, 2015, the Hatch-Waxman Act does not require an ANDA filer to give any access to its ANDA before suit. Rather, such access is entirely optional and is irrelevant to both the claims and Counterclaims when suit is actually

5

filed.

2.  If Plaintiffs had not filed suit after receiving an offer of confidential access, the defendant ANDA applicants had a statutory right to bring a declaratory judgment action to obtain a determination that the patent listed in the Orange Book by Plaintiffs is not infringed or is invalid. Plaintiffs thus had no right to avoid resolution of the patent issues whether or not an offer of confidential access was made prior to their filing suit.

### A.  An ANDA Applicant Is Not Required to Offer Confidential Access to Its ANDA

The Statute relating to confidential access to the ANDA, 21 U.S.C. § 355(j)(5)(C)(i), titled "Civil action to obtain patent certainty (i) Declaratory Judgment *absent infringement action*" (emphasis added), provides that (I). . . "no action may be brought" for a declaratory judgment unless -- (aa)[ the 45 day period from the notice letter receipt has expired]; (bb) "neither the owner of such patent nor the holder of the approved application [the NDA] . . . brought a civil action against the applicant for infringement  . . ." and (cc) [an offer of confidential access was made in a case where the notice letter asserts non-infringement].

By its plain terms, the statute addresses the situation where the patent holder does not sue within 45 days of receipt of a Paragraph IV notice letter. It addresses only the right to bring a declaratory judgment action in the absence of a suit by the patent owner, and is irrelevant to the right to assert counterclaims in such suit. Plaintiffs cannot allege they were prejudiced by not receiving confidential access when they have no right to such access. The Confidential Access provision thus provides no justification for Plaintiffs' effort to terminate the suit without prejudice or to dismiss the counterclaims.

Plaintiffs did not lack knowledge of the Micro Labs ANDA product or the reasons why Micro Labs contended it did not infringe the patent and why the patent was invalid before they

6

filed suit.  That information was contained in the notice letters (Greco Decl. Exs. A, B), and Plaintiffs have not identified a single new fact that it learned from the Micro Labs ANDA that changed in any way the disclosure in the notice letter.

Moreover, Plaintiffs' assertion that they would not have sued if they had seen the ANDA suggests that Plaintiffs recognize that the Micro Labs ANDA product at least does not infringe the '934 patent.  If that is the case -- and no other possibility presents itself -- there should be no reluctance to grant a covenant not to sue on that specific formulation.  It would be an abuse of the patent process for Plaintiffs to attempt to preserve the right to sue when it will be most damaging to Defendants, even though they know they have no claim that could be asserted in good faith.  If, to the contrary, they believe there is a legitimate case for infringement, then that is all the more reason why the case should proceed, so that the issue may be resolved before FDA approval.

### B.   Plaintiffs Receipt of an Offer of Confidential Access Would Not Permit Them to Avoid Resolution of the Patent Issues Arising from Their Orange Book Listing of the '934 Patent.

Plaintiffs' assertion that a dismissal of the case without prejudice would return to the "status quo," that would have prevailed if they had received an offer of Confidential Access, is incorrect (even putting aside the fact that they did receive the offer).  If Plaintiffs did not sue after being given Confidential Access, Defendants could have sued Plaintiffs for a declaratory judgment in a jurisdiction of its choice in order to resolve the obstacle of the Orange Book listed patent.  Plaintiffs would then need, as now, to either admit that there is no infringement, provide a covenant not to sue, or litigate the matter.

Plaintiffs' argument also fails because they did receive an offer of Confidential Access on November 2, 2015, after waiting almost one month to inquire about it, but chose to ignore it and

file suit.  Plaintiffs admit that they would not accept the offer of Confidential Access that was made (D.I. 16, Plaintiffs' brief, p. 4), and Micro Labs had no obligation in any case to modify that offer.

Because Micro Labs filed Paragraph III certifications for the other four patents listed for ticagrelor in the Orange Book, the last of which expires in 2021, Plaintiffs had no reason to be concerned about suing within 45 days of receipt of the Notice Letter in order to obtain a 30-month stay of approval of Micro Labs' ANDA, as those other patents preclude FDA approval of Micro Labs product before 2021.  Thus, plaintiffs had years to resolve the patent issues respecting the '934 patent before Micro Labs could obtain approval from the FDA, absent a judgment holding those patents invalid in other litigations.

### C.  Defendants Would Be Severely Prejudiced by a Dismissal without Prejudice.

Micro Labs will expend time and effort in obtaining FDA approval of its product and preparation for marketing.  If it has no resolution of the on-going patent infringement dispute, it will be subject to a potential ambush at the eve of launch with a new suit and it could sell its product only by incurring the risk of substantial patent infringement damages if it is later found to have infringed a valid patent.  The Hatch-Waxman Act procedures were designed to prevent precisely this type of risk, even where the patent owner does not sue within 45 days of the notice letter.  *Caraco Pharm. Labs. v. Forest Labs., Inc.*, 527 F.3d 1278, 1285 (Fed. Cir. 2008).

In addition, if the case proceeds and infringement of a valid claim is found, Micro Labs would have time to modify its formulation to another that is not infringing prior to the time it would go on the market, rather than incurring years of delay if the infringement is found at the point when Micro Labs could market its product except for the challenged '934 patent.

The other pending ANDA litigations concerning this product will not necessarily resolve

the issue for Micro Labs. Even if the other four patents against which Micro Labs filed Paragraph III certifications are found invalid, the '934 patent would remain an obstacle to Micro Labs, particularly if the other ANDA filers win on non-infringement but not invalidity on the '934 patent.

The cases Plaintiffs cite are clearly distinguishable. In *Reach Assocs. P.C. v. Dencer*, Civ. A. No. 02-1355, 2004 WL 253487 (D. Del. Feb. 9, 2004), the dismissal without prejudice was granted in order to permit the same lawsuit that was filed in another jurisdiction to proceed on the merits. In *duToit v. Strategic Materials Corp.*, 136 F.R.D. 82 (D. Del. 1991), neither party wanted resolution of the case on the merits, as the defendant sought a dismissal on grounds of *forum non conviens*. By contrast, a prompt resolution of the patent dispute in this case on the merits is sought by Micro Labs and no other action where that resolution will occur is pending.

A more relevant case is *Shoulder Innovations LLC v. Ascension Orthopedics, Inc.*, Civil Action No. 11–810 (JEI/AMD), 2012 WL 2092379 (D. Del. June 8, 2012). In that case, the plaintiff sued for infringement shortly after its patent issued, and the defendant who was seeking FDA approval to market an allegedly infringing product counterclaimed for declaratory judgment. Plaintiff then sought to dismiss its claim without prejudice and to dismiss the counterclaim. The court denied the motion, noting "refraining from adjudication unnecessarily and inequitably forces upon Defendant the prospect of expending resources for FDA approval only to be met with the very same lawsuit once such approval is received." *Shoulder Innovations*, at * 3. The same reasoning applies here.

## II.     THE COUNTERCLAIMS ARE ADEQUATE, AND ALTERNATIVELY, LEAVE TO AMEND SHOULD BE GRANTED.

In the context of a counter-claim in a Hatch-Waxman Act case, the usual notice function of the pleading is largely redundant. Plaintiffs are fully informed of the details of the asserted

9

grounds of patent invalidity and non-infringement by means of the Notice Letter even before the action is commenced. Accordingly, the Counterclaim Defendants are not limited in their knowledge of the asserted grounds for denying infringement and asserting invalidity to the pleadings.

An adequate pleading of non-infringement does not require detailed information to prove the negative. Plaintiffs cite cases in which the amount of detail pled in infringement complaints was deemed insufficient; however, the amount of information required to inform a defendant about what product is accused of infringement and why it infringes is not required to deny that a product infringes. The denial of infringement is a denial that each and every limitation of the claims in suit is found in the accused product either literally or by equivalence. That is sufficient to put Plaintiffs on notice as to their burden of proof, what issue is to be litigated, and what it must prove.

Alternatively, defendants seek leave to amend in accordance with the proposed amended Answer and Counterclaims attached as Exhibit C to the Greco Declaration. The proposed amendment places details that were already included in the Notice Letter into the pleading. Plaintiffs' counsel have informed defendants' counsel that they will not oppose the motion to amend. Leave to amend, particularly at this extremely early stage, is freely granted. *Intellectual Ventures I LLC v. Toshiba Corp.*, C.A. No. 13-453-SLR-SRF, 2015 WL 4916789 at * 1-2 (D. Del. Aug. 17, 2015); I*n re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

**CONCLUSION**

The case should be allowed to proceed to resolution. The issue of infringement is ripe for summary judgment, and Defendants will seek leave to file a motion for summary judgment on

10

infringement for the simple reasons set forth above.  That simple motion will allow a resolution of the patent issues in the ANDA process as the Hatch-Waxman Act intends should occur.


Dated:  January 22, 2016                                  */s/ Kenneth L. Dorsney*
                                                          Kenneth L. Dorsney (#3726)
                                                          MORRIS JAMES LLP
                                                          500 Delaware Avenue, Suite 1500
                                                          Wilmington, DE 19801-1494
                                                          (302) 888-6800
OF COUNSEL:                                               kdorsney@morrisjames.com

Richard G. Greco, Esq.
Gurpreet Singh Walia, M.D., Esq.
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
(212) 957-7600

*Attorneys for Defendants Micro Labs Ltd and Micro Labs USA, Inc.
and for counterclaimant Micro Labs USA, Inc.*

11